*First District Court of Eastern Middlesex*

Nos. 1622 & 1642 of 1954

*Northern District*

Nos. 4895 & 4895A

(December 6, 1955)

**LOUIS F. RICCIARDONE ET ALS, d/b/a**

**v.**

**G. ROBERT CARVELLI ET AL, Trs.**
**STONEHAM REALTY TRUST**

**G. ROBERT CARVELLI ET AL, Trs.**
**STONEHAM REALTY TRUST**

**v.**

**LOUIS F. RICCIARDONE ET ALS, d/b/a**

*Eno, J.* These are two actions of contract tried together, before (*Schofield, S. J.*) improperly reported to this division separately, instead of being consolidated into one report. *Lumiansky v. Tessier*, 213 Mass. 182, 188.

In the first action, in contract, Louis F. Ricciardone et als, doing business as the Sterling Fuel and Service, hereinafter referred to as the contractors, seek to

recover the balance due them for the installation of a steam boiler from G. Robert Carvelli, et al, Trustees of the Stoneham Realty Trust, hereinafter referred to as the Trustees.

In the cross action in contract or tort the trustees seek to recover damages for breach of contract in the sale and installation of the steam boiler.

*There was evidence at the trial tending to show that* a single boiler was to be installed by the contractors into a combination of two old buildings with two different cellars, to replace two boilers owned by the trustees. The old boilers were to be removed and the contractors were to utilize the existing pipes, returns, radiators, etc., in connection with the new boiler. Part of the agreement was verbal and part in writing. The written memorandum recited that the system was to be zoned, one zone for the first and second floor levels, and another zone for the third floor. The contractors were told to do a good job and to use their judgment, where necessary, although this is denied by the trustees.

There was conflicting evidence as to whether or not some change in the zone was agreed to. Evidence was introduced that there was "knocking and banging" in the pipes. The contractors made visits after the completion of the work to make minor adjustments. The trustees complained about the knocking and later discovered a variance in the zoning. An expert testified that the work was improperly done and as to the cost of the correction necessary to be done. The contract price was $2,140.00 of which $1,900.00 was paid leaving a balance due the contractors of $240.00. The trustees were willing to pay if the corrections were made. The Court took a view of the premises with counsel for both sides.

In the first action the judge denied the contractors requests for rulings that

> "1. The evidence warrants a finding for the plaintiffs on an oral contract."

"2. The evidence is insufficient to warrant a finding for the defendants.

3. The evidence is sufficient to warrant a finding for the plaintiffs on a quantum meruit."

and found for the trustees.

In the action by the trustees against them the judge denied the contractors' request for ruling that

"The evidence is insufficient to warrant a finding for the plaintiffs."

and found for the trustees.

The judge made separate findings of facts in each case among which were that the written contract was prepared by the contractors, signed by the trustees and not by the contractors, that it contained the terms of the express agreement of the parties; that the first and second floor were to be joined in one zone and the third floor into another zone, that not having zoned the third floor separately was a deviation from the express agreement of the parties; that the boiler was incorrectly installed, that there were other unworkmanlike matters connected with the job, including the size and pitching of some of the pipes, the size of the return lines, the placement of the valves and omission of a T to put on an elbow; that the excessive amount of thumping and banging in the pipes and radiators caused much disturbance to the tenants; that the incorrect zoning was not discovered until the heat was turned on in the autumn; and that the trustees made many requests of the contractors to correct their work and none was done.

Both reports state that they contain all the evidence material to the questions reported.

The conflicting evidence presented only questions of fact for the determination of the trial judge, therefore, there was no prejudicial error in the denial of the requests, and the report in each case is to be dismissed.

John J. Crimmins, for the plaintiff Ricciardone.

Irving L. Stackpole, for the defendant Carvelli.